UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XILOA DUARTE,

      Plaintiff,

v.                                            Case No: 8:15-cv-1465-T-36TBM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## **ORDER**

This cause comes before the Court on Plaintiff Xiloa Duarte's ("Duarte") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for benefits.  Doc. 1.  Magistrate Judge Thomas B. McCoun, III submitted a Report and Recommendation ("R&R"), recommending that the Court affirm the Commissioner's decision. Doc. 28.  Duarte filed an Objection to the R&R Doc. 30, to which the Commissioner responded Doc. 33. After an independent *de novo* review of the record, including Duarte's Objections to the R&R ("Objections") and the Commissioner's Response, the Report and Recommendation will be adopted, confirmed, and approved in all respects, and the decision of the Commissioner will be affirmed.

## I.    **BACKGROUND**

On September 21, 2009, Duarte filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), and Supplemental Security Income ("SSI") under Title XVI of the Act, alleging disability beginning June 7, 2009. R. 71-72, 158-68. The agency denied the claims initially and on reconsideration. R. 71-74. After a hearing, R. 38-68, an administrative law judge ("ALJ") denied Duarte's claims on April 28, 2011. R. 14-23. The

Appeals Council ("AC") denied Duarte's request for review. R. 1-3. Duarte filed a civil action, and the district court remanded the case to the Commissioner for further administrative action in June 2013. R. 1102.

Duarte filed another set of applications for DIB and SSI benefits on July 6, 2011, while the district court case was still pending. R. 948, 1070, 1241-42. The agency denied the claims initially and on reconsideration. R. 1070, 1088. On August 27, 2012, an attorney advisor issued a fully favorable decision on both July 2011 DIB and SSI claims. R. 1097-1101. On June 14, 2013, the U.S. District Court remanded the case involving the 2009 applications for further administrative proceedings pursuant to an unopposed Motion to Reverse and Remand filed by the Commissioner. R. 1108. On March 19, 2014, the AC notified Duarte that it intended to reopen the DIB claim from the attorney advisor's decision, but it was not reopening the SSI claim because the period for reopening the SSI claim had expired and that it would combine this claim with the one remanded from the district court. R. 1193.

On June 27, 2014, the AC issued an order remanding the case to the ALJ. R. 1108-11. The AC vacated the Commissioner's final decision consistent with the June 2013 district court order and reopened the August 2012 DIB decision R. 1108. On remand, the ALJ held a hearing in December 2014. R. 983-1016. On February 20, 2015, the ALJ issued a decision denying Duarte's claims. R. 948-66.

Duarte was 38 years old at the time of the ALJ's 2015 hearing decision. R. 966, 1258. She has a ninth grade education and past work as a mental aide, fast food worker, collections clerk, cafeteria worker, medical billing clerk, and receptionist. R. 965, 1264. She alleged she was unable to work due to a back impairment, knee impairment, tumor in the ovary, mental disorder, and bipolar disorder. R. 1263. After a careful review of the evidence, the ALJ found Duarte had not

engaged in substantial gainful activity since June 7, 2009, the amended alleged onset date. R. 951, Finding 2. The ALJ found that during the relevant periods, Duarte had the following severe impairments: degenerative disc disease; rheumatoid arthritis; degenerative joint disease; chondromalacia; migraines; obesity; depression; anxiety; posttraumatic stress disorder (PTSD); pain disorder; and somatoform disorder. R. 951, Finding 3. The ALJ concluded that Duarte did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. R. 952, Finding 4. The ALJ found that Duarte had the residual functional capacity (RFC) to perform light work except she could: lift 20 pounds occasionally and 10 pounds frequently; sit 6 hours and stand and/or walk for 2 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and frequently handle bilaterally. R. 954, Finding 5.

The ALJ further found that Duarte should avoid extreme cold, humidity, vibration, hazardous machinery, and heights; should be limited to simple, routine tasks with ordinary and routine changes in work settings or duties; could not perform rapid production rate work; could interact with the public, coworkers, and supervisors occasionally.  Further, the ALJ found that she could maintain attention and concentration for two hours, after which she would need to take a ten-minute break. R. 954, Finding 5. The ALJ determined that Duarte could not perform any past relevant work. R. 964, Finding 6. Based on testimony from a vocational expert ("VE") from the 2011 hearing, R. 64-65, the ALJ found that Duarte could perform other work. R. 965. The ALJ ultimately concluded that Duarte was not disabled. R. 966.

## II.    LEGAL STANDARDS

### A.    Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge.  The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id*.

### B.    Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (internal quotation marks omitted).  Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it.").  The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]."  *Phillips*, 357 F.3d at 1240 n.8 (internal quotation marks omitted).

C.      **An ALJ's Five-Step Disability Analysis**

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  *See* 20 C.F.R. § 416.920(a)(4).  The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step.  *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009).  If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed.  *See* 20 C.F.R. § 416.920(a)(4).

III.   **DISCUSSION**

A.      **The ALJ did not err in concluding that the attorney advisor's opinion did not have preclusive effect.**

In her first issue on appeal, Duarte argued that the AC erred in his evaluation of the "[a]dmission or [p]relsuion or [collateral [e]stoppel" issue. Doc. 30. ("Pl.'s Ob.") at 1.  In the Objection, Duarte specifically contests the Magistrate Judge's rejection of his argument that Dr. Cohen's 2009 opinion, which supported a finding of disability by the attorney advisor, should also support a finding of disability since they were substantially similar. Duarte contends that under

collateral estoppel, the attorney advisor's decision that Duarte was disabled for SSI purposes required the ALJ to find Duarte disabled for DIB purposes prior to her date last insured, March 31, 2012. Pl.'s Obj. at 2.

This Court agrees with the Magistrate Judge and the ALJ's conclusion that Duarte's collateral estoppel and issue preclusion argument has no merit. The R&R states that Duarte "misstates the AC's findings and otherwise presents no basis for the argument that the Commissioner accepted the 2011 opinion of Dr. Cohen." R&R at 11.

The Eleventh Circuit has held that collateral estoppel (or issue preclusion as it is also known) applies only "if the issue in the subsequent proceeding is identical to the one involved in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action." *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982). The agency's regulations provide the following regarding the effect of prior determinations:

> Collateral estoppel—issues previously decided. An issue at your hearing may be a fact that has already been decided in one of our previous determinations or decisions in a claim involving the same parties, but arising under a different title of the Act or under the Federal Coal Mine Health and Safety Act. If this happens, the [ALJ] will not consider the issue again, but will accept the factual finding made in the previous determination or decision unless there are reasons to believe that it was wrong.

20 C.F.R. §§ 404.950(f), 416.1450(f).

In this case, the AC issued its notice of reopening on March 19, 2014, R. 1018, at which time the period for reopening the SSI claim had already expired. *Id*. *See* 20 C.F.R. § 416.1488(b). In its June 2014 order, the AC found that the attorney advisor's finding of disability was clearly incorrect. R. 1108-09. The AC explained that the evidence the attorney advisor considered in making his determination clearly showed there was an error. R. 1108-09. *See* 20 C.F.R. § 404.989.

6

The AC reopened only the DIB claim in the favorable attorney advisor decision based on good cause. R.1018, 1108. *See* 20 C.F.R. §§ 404.988(b), 404.989.

Even though the AC found that the attorney advisor's decision was clearly incorrect, the attorney advisor's decision on the SSI claim only became the final decision because the 2-year period for reopening had expired. R. 1101-11. *See* 20 C.F.R. §§ 404.989(b), 416.1488(b). Given these facts, the attorney advisor's favorable decision with respect to the SSI claim did not have preclusive effect. *See* 20 C.F.R. §§ 404.950(f), 416.1450(f).

Additionally, the AC found that Duarte's subjective complaints alone were insufficient to support a disability finding. The records did not contain supportive evidence related to the period under review. Further, the mental health records, apart from the 2009 opinion, were inconsistent with the attorney advisor's allowance of benefits. Although Duarte argues that mental conditions rely primarily on subjective information, Pl. Obj. at 4; if the record has no corroborating evidence, or contains conflicting or misleading evidence, then the AC's decision to reopen the attorney advisor's evaluation is supported by the evidence.  For example, Duarte gave conflicting reasons to explain her departure from her job. *See* R. 44, 964 (knee pain); R. 275 (doctor's advice); R. 745, 964 (employer's funding issues); 1808 (poor performance). There was also evidence that Duarte maintained her daily activities. *See* R. 292-96, 953, 1576, 1807.

The statement that Duarte characterizes as an "admission"[1] is actually the ALJ's recounting of the procedural history of the case and an acknowledgement that Duarte was entitled to SSI benefits beginning July 2011 under the attorney advisor's decision. *See* R. 948. There is no indication that the ALJ made or suggested any favorable finding or adopted the attorney advisor's

---

[1] Plaintiff argues that there is an "admission on the record that [Plaintiff] was disabled prior to the date last insured of March 30, 2012." Doc. 20 at 3.

opinion. The Court agrees with the Magistrate Judge that this argument is without merit. Accordingly, collateral estoppel and issue preclusion do not apply under these facts. The AC had good cause to reopen the attorney advisor opinion as to the July 2009 SSI claim and the ALJ had substantial evidence to support his finding that Duarte did not meet the Listing 12.04.

### B. The ALJ did not err in affording little weight to various medical opinions and the "GAF" scores.

Duarte argues that the ALJ did not give weight or proper weight to the opinions of the reviewing, consulting, and treating doctors and nurses or the five Global Assessment Functioning ("GAF") scores. Duarte argues that the ALJ erred in giving significant weight to the opinions of the non-examining State Agency doctors.

#### 1. Weight afforded to medical opinions

Duarte relies on Dr. Cohen's opinion that Duarte had a moderate to severe impairment in performing work-related mental activities and severe impairment in socializing and adapting at work to prove she met Listing 12.04. R. 1809. However, under the regulations, opinions on issues reserved to the Commissioner such as whether an applicant meets a listing, are not entitled to any deference even if it is from a treating medical source. *See* 20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3). As explained by the Magistrate Judge, the ALJ properly afforded minimal weight to Dr. Cohen's opinion. R. 962; R&R at 18.

Duarte also argues that Dr. Cohen's opinion was arbitrarily rejected. *See* Pl.'s Obj. at 8. The Magistrate Judge identified the weight the ALJ afforded Dr. Cohen's 2009 and 2011 opinions, and did not arbitrarily reject it. Specifically, the R&R noted that "the ALJ gave both reports minimal weight." R&R at 17. Further, the R&R noted that the record supported the ALJ's attribution of minimal weight to Dr. Cohen's opinions because they were largely based on "[Duarte's] subjective reports and not objective findings" and further Dr. Cohen noted that

"[Duarte] was fully oriented, but presented in a dramatic fashion." R&R at 18. Although, as Duarte argues, psychological problems are in part based on subjective testimony, the ALJ may still discount the consulting physician's opinions if very little other evidence supports it. *See Hickel v. Commr. of Soc. Sec.*, 539 Fed. App'x. 980, 985 (11th Cir. 2013)("In evaluating medical opinions, the ALJ considers factors such as the examining relationship, the treating relationship, the doctor's specialization, whether the opinion is amply supported, and whether the opinion is consistent with the record.")(citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). *See also Crawford v. Comm'r of Soc., Sec.,* 363 F.3d 1155, 1159 (11th Cir. 2004) (explaining that even a treating physician's opinion may be discounted if "it is not accompanied by objective medical evidence or is wholly conclusory." (quotation marks omitted)).

The Court agrees with the Magistrate Judge that the ALJ's decision to give minimal weight to Dr. Cohen's opinion of severe limitations in mental functionality is adequately articulated and supported by evidence. *See* R&R at 21. Accordingly, the ALJ was entitled to afford less weight to Dr. Cohen's opinions, and the fact that he did so is not grounds for remand.

Further, Duarte asserts that the ALJ afforded no weight to the medical records from Directions for Mental Health and Harbor Behavioral Health, where Duarte received treatment. Duarte identifies the "opinions" from psychiatric nurses McClean and Lyng, at R. 622, 628, 747, to which the ALJ failed to afford weight or give proper consideration. Duarte did not identify these specific records or healthcare providers in her Memorandum of Law. *See* R&R at 15; Doc. 26 at 15.  As the Magistrate Judge correctly noted, "[i]n the absence of identified medical opinions, the ALJ could not err in failing to state the weight afforded to the records." R&R at 15. Further, now that Duarte has identified the records, a review of them shows that they are nurse's notes of treatment which do not constitute "acceptable medical sources" which can provide medical

opinions. *See* 20 CFR 404.1527(a)(2) and 416.927(a)(2). Therefore, Duarte's reliance on *Hickel v. Commr. of Soc. Sec*., 539 Fed. Appx. 980, 985 (11th Cir. 2013), for the proposition that the weight afforded to probative medical opinions must be stated, is misplaced. *See Farnsworth v. Soc. Sec. Admin.,* 636 Fed. Appx. 776, 783–84 (11th Cir. 2016)(mental health counselors, who are not physicians or psychologists, are not "acceptable medical sources" under the regulations) (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)).

Additionally, these records are not medical opinions because other than the diagnoses in them, they were merely a list of Duarte's subjective complaints, mental status exams, and treatment plans. *See* R.622, 628, 747. The information contained in these treatment notes does not constitute "medical opinions" as defined by law because they do not contain the providers' judgments about Duarte's symptoms or prognosis or statements about her functional limitations. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (defining medical opinions as statements that reflect judgments about the nature and severity of a claimant's impairments, including a claimant's symptoms, diagnosis, and prognosis; what the claimant can still do despite his impairments; and the claimant's physical or mental restrictions). Since the records do not contain a medical opinion, the ALJ did not error in failing to afford weight to it. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) (noting that the ALJ will evaluate every "medical opinion" and that the factors listed in the subsection apply to deciding what weight to give a "medical opinion"). Ultimately, Duarte acknowledges that the ALJ did in fact consider the records as part of his evaluation. Doc. 20 at 13; R&R at 24.

Further, Duarte fails to show whether any additional limitations would have been warranted based on the treatment records from Directions for Mental Health and Harbor Health. R. 618-34, 743-48, 1509-33, 1576-1603. Duarte does not explain how the treatment notes contradict the ALJ's decision or establish limitations beyond those already included in the ALJ's RFC finding.

R. 953-54. The ALJ properly discussed these treatment records, but he was not required to mention every treatment note or every clinical finding in the record. R. 959-60.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a court] to conclude that [the ALJ] considered her medical condition as a whole.") (citations and quotations omitted).  The ALJ reasonably discussed these treatment notes in his decision, and the records do not support limitation beyond those already included in the RFC finding.

Lastly, the Court recognizes that the opinions of a non-treating physician are generally to be given less weight than those of an examining physician, and, standing alone, do not constitute substantial evidence.  *See Poellnitz v. Astrue*, 349 Fed. App'x 500, 502 (11th Cir. 2009).  However, an ALJ may nevertheless give great weight to the opinion of a consulting physician when it is consistent with the record as a whole.  *See id.*  Here, the ALJ stated that he afforded significant weight upon the State Agency doctors' opinions because they are supported by the medical records.  R.669-716, 725-42.  Plaintiff offers no evidence as to why this is not so, and after a review of the record, the Court agrees with the ALJ that the State Agency doctors' opinions are consistent with Duarte's medical records.  Accordingly, the ALJ was entitled to place significant weight upon their opinions, and the fact that he did so is not grounds for remand.

### 2.    The GAF scores

Finally, Duarte objects to the Magistrate Judge's and ALJ's analysis regarding the GAF scores.   The GAF is "a standard measurement of an individual's overall functioning with respect only to psychological, social, and occupational functioning using a 1 to 100 point scale." *Farnsworth v. Soc. Sec. Admin.*, 636 Fed. Appx. 776, 781 n.3 (11th Cir. 2016) (internal quotation

marks omitted). "A score between 51 and 60 indicates moderate symptoms or difficulty in functioning, a score between 61 and 71 shows mild symptoms or some difficulty in functioning, while a score between 71 and 80 represents no more than slight impairment." *Id.*

Duarte argues that because there is a pattern of low GAF scores (Dr. Cohen gave her a GAF score of 45 on two occasions, R. 678, 1809, the mental health worker gave a score of 25, R. 757, and Nurse McClean gave GAF scores of 50 on two occasions, R. 622, 628), the ALJ must identify a specific weight assigned to the GAF scores. The Magistrate Judge notes the ALJ's explanation for attributing little weight to the GAF scores stating that "GAF scores given by the claimant's practitioners were somewhat inconsistent, but were generally indicative of mild to moderate overall impairment."   R&R at 22 (quoting R. 962).   Further, Duarte's reliance on *McCloud v. Barnhart*, 166 Fed. Appx. 410 (11th Cir. 2006) is misplaced. *McCloud* stands for the proposition that when the ALJ is aware of a GAF score reflecting severe impairments, he should determine what weight, if any, to place on that score. *Id.* at 418.   However, in this case, the ALJ stated that it gave the scores little weight, and explained his reasoning.   *McCloud* does not require more. 166 Fed. Appx. at 418 (remanding case to ALJ for failure to address GAF scores or the weight he afforded to those scores, when ALJ erroneously characterized a GAF score of 45 as only reflective of "moderate symptoms").

GAF scores have no direct correlation to the severity requirements of the mental disorders listings, *see Wind v. Barnhart*, 133 Fed. App'x 684, 692 n.5 (11th Cir. 2005), so even if Duarte's GAF scores were required to be accepted, that acceptance would not translate into any finding regarding any specific functional limitation. *Accord Ward v. Astrue*, Case No. 00-cv-1137, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008). Accordingly, the ALJ's decision to afford little weight to Dr. Cohen's medical opinions, significant weight to the State Agency doctors' opinions,

and little weight to the GAF scores is adequately articulated and supported by substantial evidence in the record.

## IV.   CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.  Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.     Plaintiff Xiloa Duarte's Objections are **OVERRULED**.

2.     The Report and Recommendation of the Magistrate Judge (Doc. 28) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3.     The decision of the Commissioner of Social Security is **AFFIRMED**.

4.     The Clerk is directed to terminate all pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2016.


Charlene Edwards Honeywell
United States District Judge


Copies to:
Counsel of Record and Unrepresented Parties, if any